ZEPHANIAH H. MORSE *vs.* ST. PAUL FIRE & MARINE INSURANCE COMPANY.

April 5, 1875.

**Evidence of Agent's Authority insufficient to sustain Verdict.**—The sufficiency of evidence to sustain the verdict considered, and the order denying a new trial reversed.

Action on a verbal contract of insurance, the complaint alleging that plaintiff made to defendant, through its agent, a written application for fire insurance upon a stock of goods, and that the defendant, through its said agent, then and there accepted the application, and agreed to insure the property for one year thereafter, at a premium then agreed on, and to execute and deliver to plaintiff a policy in the usual form, the premium to be paid on the delivery of the policy. The answer, among other things, denies the authority of the agent to accept the application, or to make any contract of insurance on behalf of the defendant. At the trial in the district court for Stearns county, before *McKelvey*, J., the plaintiff had a verdict: a new trial was refused, and defendant appealed.

*Harvey Officer*, for appellant.

*Hamlin & Searle*, for respondent.

GILFILLAN, C. J. Action upon an oral contract to in-

sure personal property, alleged to have been made on the part of defendant by an agent, and verdict below for plaintiff. The defendant denies the contract and the authority of the agent to make it. As to the agent making the contract, there was sufficient evidence to justify the finding; we do not think there was as to his authority to make such a contract. As between him and the company, his authority was that of a soliciting agent, authorized to receive applications for insurance, in accordance with instructions to agents, and to collect and transmit the premiums therefor, and the applications were to be forwarded to the company for its approval or rejection. This alone would not authorize the agent to make the contract.

Plaintiff claims that the acts of the company justified him in believing that the agent could bind it by such a contract. The facts from which this is claimed, are that the year before the alleged contract, plaintiff made an application to this agent for insurance in this company on other property; that at the time of making that application, the agent told him that he was insured from that time; and that subsequently he received from the company a policy, referring to his application, and insuring the property from the date of the application. Had it appeared that, upon that application, the company was advised that its agent had made a contract to insure, its act in issuing the policy, to take effect from the time when the application was made, might tend to show such a custom or mode of transacting business on the part of defendant, as would justify plaintiff in believing that the agent was authorized to bind the company by the contract now sued on. But as it does not appear that the company ever knew, beyond what the application itself showed, what the agent had done, no such inference can be drawn from it.

The order denying a new trial is reversed.