DICKINSON COUNTY v. THE MISS. VALLEY INSURANCE CO.

1. **Principal and Agent:** CHARACTER OF AGENCY. The law indulges in no presumptions respecting the character of an agency; and whether an agent is general or special is a question of fact for the jury.

2. ———: ———: INSURANCE. In an action against an insurance company upon a policy issued on an application taken by an agent, an instruction reciting that "if his agency was limited and plaintiff knew that fact, then he could only bind the company to the extent of his powers" is erroneous, the real question being respecting the extent of the agent's authority and not of plaintiff's knowledge of it.

*Appeal from Clay District Court.*

WEDNESDAY, OCTOBER 6.

THIS is an action upon a policy of insurance made by the defendant to the plaintiff, upon its two story brick court house, the furniture, books and stationery therein, to the aggregate amount of three thousand dollars. The policy was for five years, and was issued June 10th, 1869, in consideration of the cash premium of $127.50 then paid; and the loss occurred November 21st, 1871. The policy was made upon an application by Philip Doughty, chairman of the Board of Supervisors, by order of the board, and the policy provided that such application should be considered a part of the contract and a warranty by the assured, and also provided that if any portion of the premises should be used so as to increase the risk, without the assent of the secretary of the company indorsed on the policy, then in such case the policy should be void. The application specified that the number of stoves used in the building was four, and that the lower

story of the building was occupied by offices and the upper
story for a hall.

The defendant, for answer, averred the false representations
in the application as to the purposes for which the different
stories were occupied; that in fact the lower story was occu-
pied for other than offices, and the upper story was occupied
for the purposes of a school; and, also, after the issuance of the
policy, said court house was occupied for a drug store, for a
doctor's office, for the storage of agricultural implements and
grain, and for sleeping apartments in the lower story, and for
schools by day and by night, and for public meetings in the
upper story, and had more than four stoves; that by reason
of such occupancy the risk was greatly increased; that such
occupancy was given, had and continued without the knowl-
edge or consent of the defendants or their secretary; that the
destruction of said property was occasioned by the gross neg-
ligence of the plaintiff. and that plaintiff has not produced
the stipulated proof required by the policy.

The cause was tried to a jury and resulted in a verdict and
judgment for plaintiff for $2,600, and costs.   The defendant
appeals.

*E. E. Cooley* and *Pruyn & Snow*, for appellant.

Proofs of loss, as required by the policy, must be furnished
before action can be maintained.   (*Roper v. Lendon,* 102 Eng.
C. L., 285; *Mason v. Harvey,* 8 Wel. & Hurl. & Gord. Exch.,
819; *Welcome v. People's Eq. Mut. Fire Ins. Co.,* 2 Gray,
480; *Hodgkins v. Mont. Co. Mut. Ins. Co.,* 34 Barb., 213;
*Blakely v. Phenix Ins. Co.,* 20 Wis., 205; *Keenan v. Mo.
State Mut. Ins. Co.,* 12 Iowa, 126.)   The mere fact that no
objection was made to the certificate does not amount to a
waiver of defects.   (*Ryder v. Mo. State Mut. Ins., Co.,* 12
Iowa, 126.)   An instruction irrelevant or inapplicable to the
facts should not be given.   (*Veach v. Thompson,* 15 Iowa,
380; *Shaw v. Brown,* 13 Id., 512.)   Where an agent had only
authority to receive or forward applications, notice to or
knowledge by him was not notice to the company.   (*Vose v.*

*Eagle Life Ins. Co.*, 6 Cush., 42.) An agent without authority to issue policies is the agent of the insured, for whose mistakes of fact he is responsible. ( *Wilson v. Conway Ins. Co.*, 4 R. I., 141.) Mere knowledge by an agent of facts which would avoid a policy issued by his principal, without objecting thereto, will not bind the company. (*Ayres v. Hartford Fire Ins. Co.*, 17 Iowa, 176.) Plaintiff should have shown that the certificate was made by one not interested in the loss as creditor or otherwise. (*Franklin Fire Ins. Co. v. Hamill*, 6 Gill, 87.) The knowledge an officer or agent acquires by rumor or information in his individual capacity is not notice to the company. (*Keenan v. Mo. State Mut. Ins. Co.*, *supra.*) The insurer has a right to exact a literal compliance with the terms of the policy. (*Sayles v. N. W. Ins. Co.*, 2 Curtis, (U. S.,) 612; *Gendale Woolen Co. v. Protection Ins. Co.*, 21 Conn., 19; *Wetherell v. Maine Ins. Co.*, 49 Me., 200.) Warranties cannot be deviated from, whether material or immaterial. (*Stout v. City Fire Ins. Co.*, 12 Iowa, 371; *Wall v. Howard Ins. Co.*, 14 Barb., 383; *Ripley v. Etna Ins. Co.*, 30 N. Y., 136.) An inquiry by an insurer is an admission that the matter inquired about is material, and the question of its materiality cannot be submitted to the jury. ( *Wilson v. Conway Ins. Co.*, 4 R. I., 141.) Where an agent has only authority to receive and forward applications, statements made to him but not inserted in the application are not notice to the company. (*Ayres v. Home Ins. Co.*, 21 Iowa, 185; *Anson v. Winneshiek Ins. Co.*, 23 Id., 84; *Chaffe v. Ins. Co.*, 18 N. Y., 376.) Knowledge by the agent of the falsity of a warranty made by the assured will not relieve the latter from the consequences of the breach. (*Jennings v. Chenango Mut. Ins. Co.*, 2 Denio, 75; *Brown v. Cattaraugus Mut. Ins. Co.*, 18 N. Y., 387.) The contract that change in the risk shall avoid the policy, is a valid and binding one. ( *Watrous v. Miss. Valley Ins. Co.*, 35 Iowa, 382.) Any increase of risk, after the issuance of the policy, which is caused or permitted by the insured, will render the policy void. (*Dodge Co. Mut. Ins. Co. v. Rogers*, 12 Wis., 337;

*Gardiner v. Ins. Co.*, 38 Me., 439; *Kern v. Ins. Co.*, 40 Mo., 19; *Evans v. Ins. Co.*, 9 Allen, 329; *Francis v. Ins. Co.*, 1 Dutcher, 78; *Allen v. Ins. Co.*, 2 Md., 111; *Murdock v. Ins. Co.*, 2 N. Y. 210.)

*Galusha Parsons*, with *Rice & Osborne*, for appellee.

Cole, J.—The evidence in the case tended to show that the application for the policy was taken by one Gaylord Graves, who had no authority to issue policies, but only to receive applications and forward the same to the company, who determined as to the issuance of policies upon applications so forwarded. The evidence also tended to show that the premises were used after the issuance of the policy for such purposes as increased the risk, and that Graves had an opportunity to know this fact.

The court instructed the jury as follows:

1. "If you find that Gaylord Graves was the agent of the defendant, who took the application of the plaintiff, and do not find his agency a limited one, he will be deemed to have been a general agent, with power to bind the company by acquiescing in or consenting to changes in buildings insured and the purposes for which they may be used."

2. "If his agency was a limited one, and plaintiffs knew that fact, then he could only bind the company to the extent of his powers as agent."

3. "If you find that the court house was used for other purposes than those stated in the application, or other than those for which it was being used at the time the application was made and the policy issued, and of which the agent who took the application had knowledge, and that such other uses increased the risk, then you will inquire whether the company, through its agent, had notice that it was being used for such other purposes; and if you find that the company, through its agent, had such notice, and made no objection, it will be deemed to have acquiesced in such uses and cannot now complain."

The first instruction in effect announces the doctrine that,

when one is shown to be an agent of another, the law will pre-

**1. PRINCIPAL and agent: character of agency.** sume him to be a general agent; for it will be observed that the instruction does not require the jury to find that he was a general agent, but that if it was not shown that he was a limited agent, they should find that he was a general agent. This was error, for the law does not presume that he was either a limited or a general agent. The character of his agency is a question of fact for the jury to find upon the evidence submitted to them in the case. It would have been very proper for the court to have instructed the jury what was necessary to constitute a limited agent and a general agent. For the error in this instruction the judgment must be reversed, and it becomes unnecessary to discuss at length the instructions given and refused.

It may be proper, however, to remark that the elements of knowledge by plaintiff as to the extent of the agent's author-

**2. ——: ——: insurance.** ity, as stated in the second instruction, may have misled the jury. The real question is, what was the extent of the agent's authority, and not what was the extent of the plaintiffs' knowledge of it.

The third instruction continues the same erroneous idea in the closing sentence which says, that if the jury "find that the company, through its agent, had such notice and made no objection, it will be deemed to have acquiesced." If the agent's authority was limited, and he had no further authority in connection with that policy than to take the application therefor, then notice to him would not bind the company. See *Ayres v. Hartford Fire Ins. Co.*, 17 Iowa, 176 (*i. e.*, 190); *Anson v. Winneshiek Insurance Co.*, 28 Iowa, 84.

REVERSED.