## ARMSTRONG v. THE STATE INS. CO.

1. **Agent:** OF FIRE INSURANCE COMPANY: AUTHORITY OF. Where it appeared that the agent of a fire insurance company had authority to take applications for insurance, and receive and receipt for premiums, and forward applications and premiums, and receive from the company policies of insurance, when issued, and deliver them to the assured, and that he was vested with no other powers, *held* that he did not have authority to bind the company by a contract of insurance.

2. **Contract of Insurance:** PAPERS NOT CONSTITUTING. The application for insurance made by plaintiff to defendant's agent in this case, and the cash and note given for premium, and the receipt of the agent therefor, considered, and *held* not to constitute a contract for insurance.

3. **Agent of Insurance Company:** POWERS OF: EVIDENCE. The fact that the defendant company furnished its agent with its advertising cards containing its agent's name, had no tendency to show that the agent had authority to bind the company by a contract of insurance; neither did the fact that the company provided in its policies that they should be of no force until countersigned by the agent who procured the application, confer upon the agent the power to bind the company by a contract of insurance before any policy was issued; and such advertising card, and evidence of such provision, were properly excluded in this case as being irrelevant.

### Appeal from Page Circuit Court.

### MONDAY, JUNE 11.

THIS is an action upon an alleged contract of insurance. The cause was referred to J. M. Bartholomew, Esq., who found and reported the facts as follows:

"1st. That the defendant is and was a corporation as alleged in plaintiff's petition.

"2nd. That on February 2, 1880, one N. B. Easton was the agent for defendant, with authority to take applications for insurance in the defendant company, and to receive and receipt for the premiums therefor, and forward such applications and premiums to the defendant company, and to receive from said company policies of insurance when issued, and deliver same to the assured; and I find said agent had no other or further powers, real or apparent.

"3rd. I find that on the second day of February, 1880, plaintiff executed and delivered to said Easton, as agent as aforesaid, an application for insurance in the defendant company on certain property in Shenandoah, in the amount of $500, for a term of six months, and that exhibit "A," attached to plaintiff's petition, is a true copy of such application.

"4th. That as payment for the insurance contemplated by said application, plaintiff gave to said Easton as such agent, and said Easton received, two dollars in goods, and a promissory note for eight dollars, and that exhibit "C" attached to plaintiff's petition is a true copy of such note, and that said agent gave plaintiff the receipt, a copy of which is attached to plaintiff's petition as exhibit "B."

"5th. That said application, note and receipt were filled up from printed forms by said agent Easton, or some one acting for him.

"6th. I do not find that said before-mentioned papers, or any of them, were executed in fulfillment of any pre-existing contract between plaintiff and any agent or agents of the defendant.

"7th. That the property payment of two dollars was retained by said agent, Easton, and the application and note were by said agent forwarded to the defendant by mail, at Des Moines, Iowa, and that they were so forwarded by said agent before he had any knowledge of the loss hereinafter mentioned.

"8th. That on the night of February 3, 1880, the property mentioned and described in plaintiff's said application was, without fault on the part of the plaintiff, totally destroyed by fire, and plaintiff thereby suffered a loss in excess of $500.

"9th. That on the morning of February 5, 1880, plaintiff's said application and note were received by the defendant at Des Moines, Iowa, and on the same day said application was by the secretary of defendant marked as rejected, and returned with said note to said agent, Easton.

"10th. That the reason assigned by said secretary at the time for rejecting said application was, that the defendant already had all the insurance in that row where said property was situated that it cared to carry, and I find that such excuse was legitimate and proper when measured by the rules of conservative and successful insurance; but I also find that defendant had been in the habit of carrying as large amounts as they would have had in the row where plaintiff's property was situated, in other and equally hazardous rows.

"11th. The evidence does not show that, at the time of such rejection, said secretary or any of the officers of defendant had actual knowledge that the property described in the application had been destroyed by fire.

"12th. That shortly after the loss by fire, the defendant's agent, Easton, offered to return to plaintiff the said note and the payment of two dollars, but the same was refused by plaintiff.

"13th. That the insurance applied for was for six months only, being a short rate, and that the premium tendered was not an adequate compensation for carrying the risk; but I also find that, at the time of the rejection of the application, no objection was made as to the time or rate.

"14th. That no policy of insurance was ever issued on plaintiff's said application by defendant.

"15th. That no proof of loss was forwarded to defendant by plaintiff within the time fixed in the policies issued by defendant.

"16th. That due proof of loss was subsequently made, to-wit, January 1, 1881 by plaintiff, and forwarded to defendant, and payment absolutely and unconditionally refused by defendant, on the ground of an entire absence of legal liability on its part."

Upon these findings the referee recommended judgment against plaintiff for costs, which was rendered by the court. The plaintiff appeals.

*W. P. Ferguson,* for appellant.

*Hepburn & Thummell, James McCabe* and *J. B. Johnson,* for appellee.

DAY, CH. J.—I. The plaintiff insists that the application, note and receipt set forth in the petition, constituted a valid and binding contract of insurance pending the issuance of a policy, or until the same had been acted upon by the company. The referee has found that Easton was the agent of defendant, with authority to take applications for insurance, and receive and receipt for premiums, and forward applications and premiums, and receive from the company policies of insurance, when issued, and deliver them to the assured, and that he had no other or further powers, real or apparent. The evidence abundantly sustains this finding of the referee. Such an agent has no authority to bind the company by a contract of insurance. Such a contract would be beyond the scope of his powers. *Dickinson County v. The Miss. Valley Ins. Co.,* 41 Iowa, 286; *Critchett v. American Ins. Co.,* 53 Iowa, 404; *Ayers v. Hartford Fire Ins. Co.,* 17 Iowa, 176; *Ayers v. Home Ins. Co.,* 21 Iowa, 185; *Morse v. St. Paul F. & M. Ins. Co.,* 21 Minn., 407; *Security Ins. Co. v. Fay,* 22 Mich., 467; *Reynolds v. Continental Ins. Co.,* 36 Mich., 131.

It is clear to our minds that the application, note and receipt do not constitute a contract of insurance, and that they were not so understood or intended by the plaintiff or the defendant's agent. It is evident that the application was understood and intended merely as an application for insurance, to be perfected by the issuance of a policy by the company, if the application should be accepted. This is apparent from the application itself.

It states: "Application is made by J. B. Armstrong for insurance against loss or damage by fire by the State Insurance Company," and further, "the undersigned applicant for the proposed insurance hereby covenants and agrees to accept

of the policy issued upon this application and survey, if in accordance therewith."

The receipt is in the following form: "Received of J. B. Armstrong an application for insurance against loss or damage by fire or lightning, by the State Insurance Company, of Des Moines, Iowa, for the sum of $500, for six months, on property mentioned in his application; and he has paid in cash $2.00, and given a note for $8.00, payable May 1st, 1880."

Attached to this receipt is the following: "The company will not recognize any understanding between yourself and the agent about your insurance that is not fully stated in your application over your own signature." The note is simply an ordinary note for $8.00, with a stipulation that if not paid at maturity "said policy shall then cease and determine, and be null and void." To treat these papers as a contract of insurance would clearly, it seems to us, be to give them an effect never intended nor contemplated by the parties. The case, we think, falls fully within the principle of *Walker v. The Farmer's Insurance Company*, 51 Iowa, 679.

II. The plaintiff offered in evidence an advertising card of the defendant, furnished Easton as a part of his agency supplies, and upon which his name was printed as agent. The defendant objected to this evidence on the ground of immateriality, in that, the fact of Easton's having a soliciting agency being admitted, this card does not tend to explain it. The objection was sustained, and of this ruling the plaintiff complains. The rejection of this evidence worked the plaintiff no injury. The evidence would have been of no avail, unless it would establish the fact that Easton had power to bind the company by a contract of insurance. It is clear to us that it could not have that effect.

III. The plaintiff offered to prove that all mercantile policies issued by defendant on application sent by N. B. Easton, as company's agent, contained this clause: "But the same shall not be valid until countersigned by the authorized agent

at Shenandoah, Iowa." Also the following: "Countersigned at Shenandoah, Iowa, the —· day of — month, of year, 1879, N. B. Easton, agent." That a large number of such policies had been issued by the company on applications sent ·by N. B. Easton, agent. This evidence was objected to as incompetent and immaterial, not tending to show the character of ·the agent. Upon the statement of plaintiff's counsel that he desired by said testimony to show the authority of the agent to bind the defendant from the time of making the application, the objection was sustained, and the evidence was excluded. The plaintiff complains of this action. In this ruling there was no error. The evidence shows that Easton was not supplied with policies, and that he had no power to issue them. The fact that he was required to countersign policies issued by the company, would not confer upon him any power to bind the company to a contract of insurance before any policy was issued.

IV. It is claimed that the second conclusion of law of the referee, that the application of plaintiff was not arbitrarily rejected by the ·defendant, is not supported by the evidence. The evidence shows that the application was rejected by the defendant on the fifth day of February, before it had any notice of the loss, because it already had more insurance in the row than it could carry. There is nothing at all in the case to show that the company did not act in good faith. If it considered the risk an undesirable one, it had a clear legal right to reject it. The record discloses no error.

AFFIRMED.