STRICKLAND V. THE COUNCIL BLUFFS INS. CO.

1. **Insurance:** AUTHORITY OF SOLICITING AGENT TO CONSENT TO ASSIGNMENT OF POLICY. A mere soliciting agent of a fire insurance company,—that is, one who is furnished with blank applications only, which, when filled, he transmits to the company for its approval, but who is not furnished with blank policies, with power to pass on risks and make contracts of insurance, has no authority, by virtue of such agency merely, to bind the company by consenting in writing on the back of a policy to the assignment thereof.

*Appeal from Muscatine Circuit Court.*

TUESDAY, JUNE 9.

ACTION upon a policy of fire insurance. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Pentzer & Kimble* and *H. J. Lauder,* for appellant.

*Richman & Titus* and *J. Carskaddan,* for appellee.

ADAMS, J.—The policy in question was issued to one Mrs. M. C. Osborne, and covered a stock of goods. She sold the stock to the plaintiff and assigned to her the policy. In the policy is a provision in these words: "If this policy shall be assigned before a loss, without the consent of the company indorsed thereon, then and in such case this policy shall be void." The plaintiff averred that the company consented to the assignment through its authorized agent, one Myers. The company denied that it consented to the assignment, and denied that Myers had any authority to give such consent. The fact appears to be that Myers was an agent of the company, and made an indorsement upon the policy by filling and signing a printed form in these words:

"The Council Bluffs Ins. Co. hereby consents that the interest of Mrs. C. M. Osborne in the within policy, subject,

nevertheless, to the terms and conditions herein mentioned and referred to, be assigned to Rosa E. Strickland.

"*Wilton, Iowa, August 30, 1882.*

    [Signed]                "J. E. MYERS, Agent."

Immediately, however, after the execution of this writing and the redelivery of the policy to the plaintiff, Myers learned that the property had been attached by the creditors of Mrs. Osborne. He thereupon demanded the policy and erased his name. But the fact of the erasure is not material, in the view which we have taken of the case. The burden was upon the plaintiff to show that Myers had authority to bind the company by the consent indorsed upon the policy, and the company insists that there is no evidence whatever of such authority. In our opinion the position of the company must be sustained. As evidence of such authority, the plaintiff relies in part upon the form of consent printed upon the policy. Following the place designed for a signature was the word "agent," showing that the intention of the company was that the consent should be given by an agent. But we are unable to see that it indicated anything in relation to Myers' authority. So far as the evidence shows, the company never intrusted him with this policy. It appears clearly that he did not issue the policy, nor solicit the application for it, and, at the time he was asked to consent to the assignment of the policy, we think that he had never sustained any relation to it of any kind. The most that we could infer is that the blank form in question was a general form designed for use by some of the company's agents. If it had been put into the hands of an agent who had power to pass on the risk, it would seem to indicate that the particular agent had power to pass on the new risk arising out of the assignment. Perhaps, indeed, such agent would be deemed to have power to pass on the new risk, and indorse the consent, independently of any blank form of consent prepared for and delivered to him. But Myers was not, we think, such agent. At all events, this particular policy does

not show that he was, and does not show that the company held him out as such agent. Having reached this conclusion, we have to say that we see no evidence of any kind that the company held Myers out as having greater power than he actually possessed.

We come, then, to the question as to what the evidence shows that his power actually was. On this point the burden was on the plaintiff. But the company showed affirmatively, by the testimony of the secretary of the company, that Myers was only a soliciting agent; that he was not furnished with blank policies, with power to pass on the risk and make the contract of insurance, but with blank applications, which, when filled, he transmitted to the company for its approval. This evidence, so far as we can see, is undisputed. The plaintiff relies upon the testimony of Myers, which is in these words: "I was the agent of the defendant. I had no instructions from the defendant." While it is not contended, of course, that a want of instructions could confer power, the plaintiff's position, as we understand it, is that the mere appointment of a person as agent would confer the power to pass on the risk and make the contract, in the absence of any restrictions. But in our opinion this position cannot be sustained. If there were but one class of agents, then the appointment simply of a person as agent might be regarded as confering the powers usually exercised; but it is not only well known, but the evidence shows, that there is a distinct class, called soliciting agents, who have not the power to contract. This being so, the mere appointment as agent could not be regarded as conferring any greater power than is exercised by this lower class called soliciting agents. Probably policies issued by the company, if any, upon applications obtained by him, passed through his hands for delivery. His testimony might be regarded as showing that he made a record of the policies which were issued upon the applications obtained by him. The fact that he made a record is relied upon as showing that he was more than a

soliciting agent.    But there was nothing which he could do which would clothe him with power not otherwise conferred. If, as he testified, he received no instructions, and if, as the secretary testified, he was furnished with nothing but blank applications, he made the record on his own motion, and for his own convenience merely.

We have referred, we believe, to all that is relied upon as showing Myers' power, and we have to say that in our opinion it utterly fails to show that he had the power to bind the company by any contract or consent.

Some other questions are presented, but, in the view which we have taken, they will not probably arise upon another trial.

The judgment must be

REVERSED.