J. H. STONER et al., Appellees, v. FIRST AMERICAN FIRE INSURANCE COMPANY OF NEW YORK, Appellant.

No. 41797.

666

FEBRUARY 7, 1933.

Kenneth H. Davenport, for appellant.

O. M. Slaymaker and R. E. Killmar, for appellees.

ALBERT, J.—On March 19, 1931, one James Fadden was the owner of a two-story dwelling house in the town of Prescott, Iowa, and on that date defendant issued an insurance policy on said property in the amount of $4,500. On April 25, 1931, Fadden deeded this property to J. H. Stoner by warranty deed, and on May 16, 1931, Fadden made a written assignment of all his interest in this policy to said J. H. Stoner, and a purported consent of defendant company to said assignment was in writing entered on or attached to said policy, signed by R. F. Sullivan, alleged agent of the defendant.

The first question raised on this appeal presents itself at this point. Among other provisions of the policy is that the policy shall be void if any change other than by death of the insured, whether by legal proceedings, judgment, voluntary act of the insured or

otherwise, takes place in the interest, title, possession or use of the subject of insurance, unless otherwise provided by agreement of the company. Under this provision, when Fadden assigned his interest in the policy to Stoner, the policy would be void unless the defendant company consented thereto, and the burden of proof was on the plaintiff to establish such consent.

Plaintiff insists that he has sustained this burden because there is a written consent attached to the policy, signed by R. F. Sullivan, as agent for the company. It was the duty of the plaintiff to show that Sullivan had authority to enter this consent on the policy and he attempted so to do.

The defendant, in attempting to meet this showing of the plaintiff, offered testimony to show that the alleged agent was merely a soliciting agent, and had no power or authority to enter such consent to the assignment of the policy; and the court sustained an objection of the plaintiff to said offered line of proof on this question, and it is to such action of the court that the appellant objects.

Plaintiff insists that there was no error at this point because the defendant was allowed to give some testimony bearing on this question. A careful review of the record, however, shows that the court did not allow the defendant to produce such testimony, as it had bearing on this question; and here the court erred.

II. When the witness Sullivan was testifying in behalf of the defendant company, inquiry was made as to a certificate of authority which he had from the company, and he testified that he at one time had such a certificate of authority and had filed the same away in his desk, but when he made search therefor, when asked by the attorneys to produce the same, it had gotten lost. The defendant then offered to prove that this authority was substantially in the following form:

"Be it known that R. F. Sullivan of Afton, County of Union, State of Iowa, has been appointed, and by these presents duly constituted agent of the First American Fire Insurance Company of New York until the ...... day of.................19......, with power to receive written applications for insurance within the State of Iowa, and to forward them with the premiums therefor to the home office of the company subject to the rules and regulations of the company and to such instructions as may from time to time be given by its officers, and the authority hereby conferred is subject to revocation by the company at any time it may elect so to do."

Objection was made thereto on the ground that this was secondary evidence, and there had not been any proper evidence to show that the original or a duly authenticated copy or a signed copy is not in possession of this defendant. The court in sustaining the objection said:

"It is quite probable, in fact very certain, it seems to me, that the company would at least retain a copy or endeavor to show by some means exactly what this instrument contained. There is no showing whatever that defendant has no true copy."

The showing here made is sufficient as to the loss of the writing in question, and the court should have overruled this objection, instead of sustaining it. See Postel v. Palmer, 71 Iowa 157; Watson v. Richardson, 110 Iowa 673.

III. Defendant insists that it is not liable because plaintiff did not, within sixty days from the date of the loss, furnish the company with notice thereof in writing, accompanied by an affidavit stating the facts as to how the loss occurred and the extent thereof, so far as the facts were within his knowledge.

The evidence shows, beyond dispute, that the company received notice of the loss, but there was no affidavit stating the facts as to how the loss occurred, etc. Evidence was introduced, however, from which the jury might find that the company had waived this requirement as to proof of loss. See Green v. Des Moines Fire Ins. Co., 84 Iowa 135; Griffith v. Anchor Fire Ins. Co., 143 Iowa 88; Havirland v. Farmers Ins. Co., 204 Iowa 335.

Numerous letters were offered which passed between Stoner and Sullivan, and which were admitted in evidence. If the jury should find from the evidence that Sullivan was in fact a recording or general agent of the company, then these letters would be admissible and binding on the company, and so long as the question of the character of Sullivan's agency was a question for the jury, these letters were admissible; but they should be protected by an instruction in event Sullivan were found to be only a soliciting agent. The same is true as to certain conversations between Stoner or Raitt, the holder of the mortgage, and Sullivan.

IV. One other question is raised, and that is whether plaintiff made a prima facie showing as to the fact that Sullivan was a general or a recording agent for the company. We have laid down some principles of law governing the determination of this matter.

In the first place, in the absence of evidence, it will not be assumed that the insurance agent is more than a soliciting agent. Murphy v. Continental Ins. Co., 178 Iowa 375.

The scope and extent of the agent's authority is shown, not merely by reference to his title or to his written commission or credentials, but by the business which he is permitted to do and perform, and does do and perform, in the company's name or by its apparent acquiescence and consent. Johnson v. Farmers Ins. Co., 184 Iowa 630.

The fact that an agent is permitted or required to countersign policies issued by an insurance company does not confer upon him power to bind the company by a contract of insurance, and is not evidence that he was more than a soliciting agent. Armstrong v. State Ins. Co., 61 Iowa 212.

A soliciting agent of an insurance company who is not furnished with blank policies, with the power to pass upon risks or make contracts of insurance, has no authority, by virtue of such agency, to bind the company by consenting in writing on the back of a policy to the assignment thereof. Strickland v. Council Bluffs Ins. Co., 66 Iowa 466. The burden is on the plaintiff to show that the agent had authority to bind the company in respect to the acts performed by him. Strickland v. Council Bluffs Ins. Co., supra.

In the light of these rules we have read this record, and conclude that the question of whether or not plaintiff has established, as he alleges, that Sullivan was a recording agent, was a question of fact for the jury. The question of the relationship between Sullivan and the company, and also the question of whether the company waived proof of loss, being questions for the jury, the court, of course, was right in its ruling in refusing to direct a verdict in favor of the defendant.

For the errors herein pointed out, this case must be—Reversed.

KINDIG, C. J., and EVANS, STEVENS, UTTERBACK, DONEGAN, and KINTZINGER, JJ., concur.