J. H. STONER et al., Appellees, v. FIRST AMERICAN FIRE INSURANCE COMPANY of New York, Appellant.

No. 42367.

APRIL 3, 1934.

REHEARING DENIED SEPTEMBER 20, 1934.

Kenneth H. Davenport and D. Cole McMartin, for appellant.

O. M. Slaymaker and R. E. Killmar, for appellees.

CLAUSSEN, C. J.—Prior to April 25, 1931, one James Fadden

was the holder of the legal title to lot 43 and the west 38 feet of lot 44 in the town of Prescott, Iowa. On that date he transferred the property by deed to J. H. Stoner, one of appellees herein. Appellee Riatt held a mortgage on this property. Riatt applied to one R. F. Sullivan, of Afton, Iowa, for insurance upon the building on the property. Sullivan forwarded an application, prepared by him, for such insurance to the Chicago office of appellant insurance company. In due time the insurance company sent a policy insuring James Fadden against damages on such building to the amount of $4,500, to Sullivan, who countersigned the policy under date of March 19, 1931, and then mailed it to Riatt at his home at Logan, Iowa. The policy contained no mention of Riatt's interest in the property, and in consequence Riatt took the policy to Sullivan to have the proper indorsements made upon it to protect his interest under the mortgage. The policy was left by Riatt with Sullivan, who sent it to the insurance company. The insurance company attached a "loss payable" clause printed on a sheet of paper to the policy and returned the policy thus amended to Sullivan, who signed the "loss payable" clause and returned the policy to Riatt. The signature of no officer of the company was affixed to the clause at the time it was sent to Sullivan, and, when it was returned to Riatt, the clause bore only Sullivan's signature. It bore date of April 30, 1931.

Subsequent to the "loss payable" clause being attached to the policy, Riatt told Sullivan of the transfer of the property from Fadden to Stoner. Riatt had with him the policy with the signature of Fadden to the "assignment of interest" clause on the policy. The blank spaces, left for the insertion of the names of the interested parties, had not been filled in. Riatt asked Sullivan to take care of the policy to protect Stoner's interest in the property. Sullivan, in the presence of Riatt, filled in the names in the "assignment of interest" clause, and signed the consent to assignment clause which was printed on the policy and handed the policy to Riatt. This was done under date of May 16, 1931. Sullivan never notified the company of this situation. On June 1, 1931, the insured building was totally destroyed by fire. The amount of the loss was undoubtedly greater than the face of the policy. Formal proof of loss was never furnished the insurance company, but this is a matter of no moment under the record.

It may perhaps be well to state that the title to the real prop-

erty ,was incumbered by another mortgage, prior to Riatt's, which was in the process of being foreclosed, and that a receiver had been appointed to collect the rents of the property. In a general way this situation was known to Sullivan at the time he signed the consent of the company to the assignment of the policy to Stoner.

This suit was brought by Riatt and Stoner to recover on the policy. The policy contained the usual provisions avoiding the policy in case the interest of the insured was assigned without the consent of the company. And this brings us to a most serious question in the case. Appellant contends that its consent was never given to the assignment of Fadden's interest to Stoner, and that the policy was made null and void by reason of such assignment.

I. The facts and circumstances in relation to the execution of the policy, the "loss payable" clause, and the consent to assignment have been fully stated, and will not be repeated further than to call attention to the fact that, while the "loss payable" clause was attached by the company, it was signed only by Sullivan. The consent to assignment was signed only by Sullivan, and the assignment was never reported to the company. In addition to these circumstances, the record discloses without conflict that Sullivan had never signed any other consent to assignment on any other policy issued by the company. Sullivan was appointed agent for the company by a writing which was introduced in evidence and which strictly limits his powers to those of a soliciting agent. The appointing clause is: "By authority of this commission R. F. Sullivan of Afton, County of Union, State of Iowa, is hereby appointed soliciting agent of this company and as such is authorized to receive applications for insurance upon property located within the limits or in the vicinity of Afton, Iowa." The record shows affirmatively that the actual power of the agent was never extended by other written or oral authorization.

The fact that Sullivan was required to countersign policies issued by the company prior to delivery to the insured does not alone make him more than a soliciting agent. Armstrong v. State Insurance Co., 61 Iowa 212, 16 N. W. 94. It cannot be inferred that Sullivan had power to consent to the assignment of the policy in behalf of the company from the fact that he assumed the power and signed the consent to the assignment on the policy. It is elementary that the power of an agent cannot be proved by his acts and declarations. It is to be noted, however, that the dealings in

relation to the assignment of the policy were between Sullivan and Riatt. Riatt had taken the policy to Sullivan for the purpose of having the "loss payable" clause added to it. When the policy was returned to him, the "loss payable" clause bore only the signature of Sullivan, notwithstanding the fact that the clause had been attached by the company. The form for consent to assignment by the company was printed on the policy. Sullivan attached his signature to the printed form exactly the same as he did to the "loss payable" clause. We think the record is such as to present a jury question as to whether the company had not held out Sullivan as having power to execute the consent to assignment in behalf of the company. The case has been in this court on a former appeal. See 215 Iowa 665, 246 N. W. 615. In its salient facts the record is the same in this case as it was in the former appeal, with the exception that Sullivan's commission is in the present record while it was not in the former record. In that case we held that the record made a jury question on Sullivan's power to consent to the assignment of the policy. A similar conclusion cannot be escaped in this appeal.

II. Upon the trial of the case appellee offered and introduced in evidence, over objection by appellant, the requests of the company to the commissioner of insurance of the state of Iowa, for a license for R. F. Sullivan of Afton as its agent for the years 1930 and 1931, under the provisions of chapter 410 of the Code. The request reads:

"Fire Insurance 1930 Requisition

Sullivan, R. F. Afton

(Agent's Name) (Residence)

"To the Commissioner of Insurance of the State of Iowa

"Farmers of Cedar Rapids Department of the First American Fire Insurance Company of New York, State of New York, hereby certifies that the above named, a resident of Iowa, is a qualified and reliable individual of good character and has been appointed agent for the transaction of its authorized business of Insurance in the State of Iowa until the first day of April, 1931.

"Dated at Chicago, Illinois, this 21st day of March, 1930.

"By E. A. Henne,

"Number 29082 "Title of Officer Vice President."

Plaintiffs alleged in the petition that Sullivan was the com-

pany's agent. This allegation was denied by virtue of a general denial clause in the company's answer. In this situation we think the exhibits were admissible for the purpose of showing that Sullivan was the company's agent. The trial court instructed the jurors that they might take the exhibits into consideration in determining the scope of Sullivan's power as agent. We have reached the conclusion that the exhibits were admissible only for the purpose of establishing that Sullivan was an agent of the company and that they were neither relevant nor material to the question of Sullivan's power as agent. The requests are made upon forms provided by the commissioner of insurance, and were used to procure a license for Sullivan in compliance with the law. To have any relevancy to the question of Sullivan's power, the request must be construed to be a statement by the company that Sullivan had been appointed agent for the transaction of any and all of its authorized business in the state of Iowa. We think the language used and the circumstances under which it was used preclude such construction. In this situation, it would be little short of a perversion of the law to admit the exhibits in evidence as bearing upon the question of the scope of the agent's power, or to permit the jury to consider the exhibits in passing upon that question.

We have not separately discussed each error assigned. All errors assigned are, however, disposed of in the foregoing discussion. For error pointed out in the second division of this opinion, the judgment of the trial court must be reversed. A motion to strike parts of appellant's abstract setting forth the testimony introduced upon the trial of the case is overruled.—Reversed and remanded.

EVANS, ALBERT, KINDIG, and DONEGAN, JJ., concur.