INDEPENDENT SCHOOL DISTRICT OF DOON v. THE FIDELITY INSURANCE COMPANY, Appellant.

**Forfeiture:** ADDITIONAL INSURANCE: Waiver by knowledge of *agent.* Where an insurance company issued a policy on certain property while its agent who procured the risk knew that a

1  certain other policy was to be obtained on the same property, it consented to the additional insurance, and its policy was not void in consequence thereof, since the agent's knowledge was the knowledge of the company.

SAME. Where an insurance company issued a policy on certain property, while its agent knew of a certain other policy to be obtained on the same property, but had no knowledge of a

2  third policy already covering it, the company's policy was void, as the holders violated its provisions forbidding additional insurance without the company's consent.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, JANUARY 22, 1901.

ACTION to recover upon a policy of fire insurance on a school building and furniture. The defense, so far as concerns the matters presented in this court, was that a condition of the policy was violated by the carrying of other insurance on said property without the consent of defendant. To this

plaintiff responded with an amendment to its petition, in which it alleged that the understanding between plaintiff's board and the soliciting agent of the defendant was that the policy should contain a clause permitting other concurrent insurance, and that such clause was omitted by mistake. It is then prayed that the policy be reformed in this respect. On plaintiff's motion the case was transferred to the equity docket. There was a trial to court, resulting in a decree reforming the policy as prayed, and giving judgment to plaintiff for the amount therof. Defendant appeals.—*Reversed.*

*McVey & McVey, Dudley & Coffin,* and *E. C. Roach* for appellant.

*Parsons & Rinaker* for appellee.

Waterman J.—The board of directors of plaintiff district, desiring to effect insurance upon the school building, took steps as follows: "Regular Meeting. Doon, Iowa, Nov. 4, 1895. Board of directors met in regular session. Members present: James Peterson, F. L. Jenkens, J. L. Weatherly, John Bentley, J. H. Kahl. On motion, J. L. Weatherly was chosen secretary pro tem. On motion, bill of Donohue & Hennebery for school seats, amounting to $54.48, was allowed. Bill of Holmes Bentley Lumber Company for $136.76 was allowed. It was moved and carried that the school buildings be insured in the following companies for amounts stated: The Fidelity Ins. Company of Des Moines, $1,250.00; the Phœnix Company of Hartford, $1,250.00. The secretary was instructed to issue an order for premium to local agents. By motion, board adjourned sine die. J. L. Weatherly, Sec'y pro tem." J. L. Weatherly was the agent for defendant company, and procured the issuance to plaintiff of the policy in question, which was for the sum of $1,250. He knew a policy was to be procured of the Phœnix Company for a like amount, as was done. The policy issued by defendant company contained

this provision: "This contract shall be void if the assured shall now or hereafter procure any other insurance, whether valid or not, on property covered in whole or in part by this policy, or if the risk become more hazardous by any means whatever, or if any warranty as to the condition of the property mentioned in this policy shall be violated,    *    *    * unless the consent of the company be indorsed thereon." The consent of the company was not given, save as we shall now state, to other insurance. Weatherly, as agent of defendant, knew that the Phœnix policy was to be obtained; that plaintiff was to effect a total insurance in the sum of $2,500. His knowledge of this fact must be held the knowledge of the company. By issuing its policy with that knowledge, defendant must be held to have consented to the additional insurance with the Phœnix company. *Erb v. Insurance Co.*, 99 Iowa, 728. There was such a mutual mistake in this matter as would justify a reformation of the contract in this respect. *Fitchner v. Association*, 103 Iowa, 276.

II.    But there is another matter in this case. At the time of the action of the board of directors which we have set out there was an existing policy on the school house for $1,250 in the Insurance Company of North America. The secretary of plaintiff board testifies that he knew, and the other members of the board, including Weatherly, were aware, of the existence of this policy when the agreement was made to effec the insurance with defendant. The other directors, of whom there were several besides Weatherly, testify that they supposed the policy in the Insurance Company of North America had expired when they ordered the policies placed with defendant and the Phoenix Company. Some of them state that the board desired to carry only $2,500 of insurance on the building, and they are corroborated to this extent; that no more than $2,500 had ever before been carried. On the whole, we are

clearly of opinion that defendant did not know of or assent to the policy in the Insurance Company of North America. Neither did plaintiff intend to effect or carry insurance to the amount of $3,750. The existence of this prior policy, to which defendant had not assented, violated the condition of the policy in suit which we have set out, and defendant is, therefore, released from liability on its contract. *Zimmerman v. Insurance Co.*, 77 Iowa, 685.

Our holding on the merits of the case renders unnecessary any specific ruling on the motion to strike appellee's argument. For the reasons given, the judgment below is RE-VERSED.