W. L. M. WENSEL, Appellee, v. THE PROPERTY MUTUAL INSURANCE ASSOCIATION OF WATERLOO, IOWA, Appellant.

129 295
f143 577
f144 331

**Insurance:** VIOLATION OF CONDITIONS: WAIVER. Where the agent 1 of an insurance company engaged to procure for plaintiff a stated amount of insurance, and secured a portion from defendant and the balance from other companies as an entire transaction, the defendant is held to have waived a condition requiring consent of the secretary to additional insurance.

**Pro rata loss:** HOW DETERMINED. In the absence of other evidence, 2 the amount of insurance stated in a policy is *prima facie* evidence of the insurable value of the property under Code, Section 1742; but where there are several policies of which defendant company, through its agent, had knowledge at the time its policy was issued, the aggregate amount of insurance constitutes the basis of value for the purpose of determining defendant's proportion of the loss, under a pro rata loss clause in its policy.

**Amount of recovery:** INTEREST. Where a policy of insurance provided for present indemnity after adjustment, but the assured was required to furnish proofs of loss, interest on the amount due from date proofs of loss were furnished should be allowed.

*Appeal from Marshall District Court.*— HON. C. W. BURNHAM, Judge.

WEDNESDAY, JANUARY 10, 1906.

ACTION at law upon two policies of insurance issued by defendant company for the aggregate of $4,000. Defense, breach of condition against additional or concurrent insurance and a claim that in no event is plaintiff entitled to more than $1,000. Trial to the court without a jury, and judgment for plaintiff for $4,258.66, which, as we understand, includes interest from the date of fire. Defendant appeals.— *Affirmed* conditionally.

*Gates & Liffring, W. N. Birdsall,* and *W. E. Johnston,* for appellant.

*Anthony C. Daly,* for appellee.

DEEMER, J.— There is little or no dispute as to the facts. They are practically embodied in an agreed statement upon which the case was submitted to the trial court. The policies in suit did not permit of additional or concurrent insurance, save with the written consent of the defendant company, through its secretary. In the application for one of the policies, which was for $1,500, applicant made no response to inquiries as to what other insurance there was to be on the property insured, whether or not it was concurrent, in what company, and when it expired; and in the application for the other policy for $2,500 he stated in response to these inquiries: " $1,500.00 in Property Mutual. Nov. 20th, 1903." These applications were each dated October 25, 1902, and were each approved by the secretary of the company on October 30th of the same year. They were each signed by plaintiff, and in them he warranted that all statements were true, so far as known to him. When the policies came to be written, the one for $2,500 made no reference to other insurance, while the one for $1,500 stated that there was $2,500 other insurance in the defendant company. This may be a misprint, and, as nothing is claimed for it, we shall give the matter no further attention. The

policies were sent out from the home office on October 30th, but one covered a period of one year from October 25, 1902, while the other ran from November 20th of that year to November 20th of the next.    Under date of October 29, 1902, the State Insurance Company of Des Moines issued a policy for $1,500 to plaintiff, covering the same property as the policies issued by defendant, and insuring it from November 14, 1902, to November 14, 1908.    In this policy, and in plaintiff's application therefor, it was stated that he had insurance in several other companies, and written in the policy was the statement " $5,500.00 other insurance permitted."    Under date November 1, 1902, the Des Moines Insurance Company of Des Moines issued to plaintiff a policy for the sum of $1,500, covering the same property as the other policies, and running for three years from October 29, 1902.    Neither application for these last two policies shows the date of its making, but the application to the Des Moines Insurance Company shows a copy of the note given for the premium, signed by plaintiff under date October 29, 1902. In the last-named policy plaintiff stated that he had other insurance in the State Insurance Company of Des Moines and other companies.    The insured property was destroyed by fire April 27, 1903.    Sufficient and timely notice and proofs of loss were given and made to the defendant company.    The State Insurance Company and the Des Moines Insurance Company have each paid the amount of its policy, and defendant is resisting payment on the grounds hitherto stated.

If this were all there is of the case, it is manifest that plaintiff should not be allowed to recover, because of the breach of the conditions of defendant's policies against other insurance. *Hygum v. Ins. Co.,* 11 Iowa, 21; *Forbush v. Ins. Co.,* 4 Gray (Mass.) 340.    But plaintiff is relying upon a waiver of this breach, and upon an estoppel, due to the knowledge of defendant's agent, who took the applications, delivered the policies, and collected the premiums, of his

(plaintiff's) purpose to take the additional $3,000 insurance. One C. Kroener was defendant's agent at the town of Melbourne, where plaintiff's property was located, and to whom plaintiff made application for insurance; and it is agreed that this agent had power to solicit applications and forward the same to defendant company, to deliver policies when issued, and to receive and collect the money due thereon, and to forward the same to defendant. The testimony relied upon to constitute this waiver or estoppel is short, and we here set out the same in full.

Plaintiff testified that he went to Kroener in October, 1902, for insurance, and stated to him (Kroener) that he wanted $7,000 insurance on his property, and that he (Kroener) said he would try and get it for him, and that he subsequently received from Kroener the two policies in suit. Kroener testified that he was the party to whom plaintiff applied for insurance, and that he wrote the two applications for insurance in defendant company. He said that plaintiff applied to him for $7,000 of insurance, and that he told him he would try and get it for him. We here quote by question and answer the remainder of his testimony:

Q. State what you did. A. I got $1,500 from the State Insurance Company of Des Moines, and $1,500 of the Des Moines Insurance Company of Des Moines. Q. What did you do relative to defendant association, the Property Mutual of Waterloo? A. They had $2,000 that was about to expire. Q. Now you may state how much insurance you effected for Mr. Wensel on this building. A. $7,000. Q. And how much in the defendant company? A. $4,000. Q. And in the other companies? A. $3,000. Q. When did you make application to the other companies, other than the defendant? A. The whole transaction was in a short time of each other, toward the latter part of October. Q. You may state how soon after you applied to the defendant company that you applied to the State and Des Moines companies. A. It was all done within a short time of each other. Q. And the policies — when did they come? Do

. you recollect?   A.   I could not give the dates, but they come whenever they get ready to send them.   Q.   What did you do with the policies when they came ?   A.   I kept them for a few days, until Mr. Wensel came to the office and paid me for it.   Q.   And then what did you do with the policies ? A.   I turned the policies over to him, and I sent the money, what belonged to the companies, to them, and my fees I kept out of it.

No testimony was offered as to the actual value of the insured property, although in the applications to the. Des Moines Insurance companies plaintiff stated that it was worth $12,000, and in one that the total insurance was $7,000. This statement, made to these other companies, cannot be accepted as proof of the value of the property, for it is merely a self-serving declaration made to a stranger to the record.

This, then, is the entire case, and we have to consider (1) whether or not plaintiff has established the waiver or estoppel pleaded by him, and, if so (2) the measure of his recovery under another stipulation of the policies relied upon by the defendant. After much controversy and doubt regarding the rule for such cases, we have settled these two propositions in some of our recent opinions:  The first is that if an agent of an insurance company has knowledge of past conditions or existing facts avoiding a policy which is secured by him, by reason of such facts being within certain prohibitions which presently avoid the policy, the company issuing the policy with this knowledge on the part of its agent cannot insist upon these facts for the purpose of avoiding liability.   *Hagan v. Ins. Co.,* 81 Iowa, 331; *Erb v. Ins. Co.,* 99 Iowa, 727; *Fitchner v. Fire Ass'n,* 103 Iowa, 280; *School Dist. v. Ins. Co.,* 113 Iowa, 65.   Second.   Knowledge of a soliciting agent of the future intentions of the insured as to violating some of the conditions of a policy as written is not binding upon the insurer, and cannot be relied upon, for the purpose of avoiding the terms and conditions of the policy as issued.

1. INSURANCE: violation of conditions: waiver.

*Baldwin v. Ins. Co.,* 60 Iowa, 497; *Sowers v. Ins. Co.,* 113 Iowa, 551; *Cornelius v. Ins. Co.,* 113 Iowa, 183; *Andrus v. Casualty Co.* 91 Minn, 358 (98 N. W. 200).

Each party tries to bring this case within the rule most favorable to him, and, without analyzing the authorities cited, we shall select the ones which seem to be controlling. Ofttimes it is difficult to determine whether the matter relied upon as a waiver or estoppel has reference to a future contingency or to a past or existing condition. With reference to the taking out of other insurance, much depends, of course, upon the nature of the information conveyed to the agent; and in this connection it matters little whether the agent be a soliciting or a recording one. When defendant's agent accepted the applications in this case, he knew that plaintiff wanted his property insured for $7,000, and he told him (plaintiff) that he would try and get it for him. Pursuant to promise he secured applications for the policies issued by defendant for the sum of $4,000, and at the same time, and as a part of the same transaction, undertook to get the remaining $3,000, which he presently accomplished by securing the policies in the two Des Moines companies. It was impossible, of course, to have each and all of the applications issued at the same moment of time; but the agent knew that plaintiff wanted, and he (the agent) undertook to procure for him a total of $7000.00 of insurance upon his property, which should go into effect at once, and not at some future time. With this knowledge the agent wrote out the applications, which were sent to defendant; and the other applications were made within a very short time, and in pursuance of the original request. These facts clearly bring the case within the rule of the following: *Independent Dist. v. Fidelity Ins. Co.,* 113 Iowa, 65; *McKibban v. Des Moines Ins. Co.,* 114 Iowa, 41; *Taylor v. Ins. Co.,* 98 Iowa, 527; *Erb v. Fidelity Co.,* 99 Iowa, 727; *Hagan v. Ins. Co.,* 81 Iowa, 331; *Fitchner v. Fire Ass'n.* 103 Iowa, 276, and other like cases. Under the rule there announced defendant must be held to

have waived the condition as to other insurance, and is clearly estopped from setting up a breach of that condition as a defense. We do not in this connection consider sections 1749 and 1750 of the Code, although we might very properly do so in arriving at the powers and duties of the soliciting agent in this case, and in construing that clause in the policy limiting the consent to additional insurance to the defendant's secretary.

II. Another article of defendant's by-laws provided that, " in case there should be any other policies of insurance on the property insured at the time of loss, . . . the assured shall receive from this association only such proportion of the loss as the sum hereby insured thereon shall bear to the whole amount

. PRO RATA LOSS:
how determined.

of policies in force at time of damage." Section 1742 of the Code provides: " In any action brought in any court of this state on any policy of insurance for the loss of any building insured, the amount stated in the policy shall be received as *prima facie* evidence of the insurable value of the property at the date of the policy." It is agreed that the insured property was totally destroyed by fire, but plaintiff introduced no competent testimony as to the value thereof. It is insisted for defendant, under the statute quoted, that as the property was presumptively worth but $4,000, the amount of plaintiff's insurance in defendant company, and as plaintiff had already received $3,000 in insurance from the two Des Moines companies, he cannot recover in this action more than $1,000. This argument is specious rather than sound. Defendant, through its agent, knew when it issued the policies in suit that there was to be $7,000 of insurance on the property destroyed. Its $4,000 was to be, and was in fact, a part of this $7,000. It wrote its policies, knowing that there was to be $3,000 more of concurrent or additional insurance placed upon the building. For the purpose of our present inquiry, the case does not differ from one where an insurance company writes the entire insurance placed upon

the property itself. That being true, and the property being insured for $7,000, that sum is *prima facie* the value of the property, and defendant, having four-sevenths of the insurance, should pay four-sevenths of the loss, which was *prima facie* $7,000, or the amount of its policies, with proper interest. See *Lesure Lumber Co. v. Ins. Co.,* 101 Iowa, 514; *Des Moines Ice Co. v. Ins. 'Co.,* 99 Iowa, 193.

III. As to interest: The policies provide for present indemnity in case of loss; that, when the loss is adjusted by an executive committee, it shall be paid immediately, and in any event within sixty days. The member

3. AMOUNT OF
   RECOVERY:
   interest.

however was required to make proofs of loss as a condition precedent to an adjustment. In this case the fire occurred April 27, 1903, and proofs of loss were given by plaintiff June 9th of the same year. In view of the stipulations of the policies, interest did not begin to run until proofs of loss were furnished, to wit, June 9, 1903. *East Texas Fire Ins. Co. v. Brown,* 82 Tex. Sup. 631 (18 S. W. 713); *Hanover Fire Ins. Co. v. Lewis,* 28 Fla. 209 (10 South. 297); *Hastings v. Ins. Co.,* 73 N. Y. 141; *Southern Ins. Co. v. White,* 58 Ark. 277 (24 S. W. 425); *Randall v. Ins. Co.,* 10 Mont. 340; (25 Pac. 953, 24 Am. St. Rep. 50).

The judgment should have been for four thousand, two hundred and fifteen dollars and twenty-four cents, instead of for four thousand, two hundred and fifty-eight dollars and sixty-six cents. If plaintiff elects to remit all in excess of the former sum within twenty days of the filing of this opinion, the judgment, as thus modified, will stand affirmed; otherwise it will be reversed. Defendant will pay all the costs of this appeal.— *Affirmed on conditions.*