JOSEPH L. PADRNOS, Appellee, v. THE CENTURY FIRE INS. CO., Appellant.

**Insurance:** FORFEITURE: WAIVER: NOTICE. While the sale or mortgage of insured property in violation of the terms of a policy will work a forfeiture, still the forfeiture may be waived; as where subsequent to the breach the soliciting agent, knowing all the facts, undertook to protect the mortgagees interest by procuring an assignment of the policy to the purchaser of the property, which was done by the company and a new premium note taken. *Held,* that the agent's knowledge of the mortgage was knowledge of the company, and as the breach occurred prior to the assignment the company was estopped to insist on the forfeiture as against the purchaser; nor could the company claim that the agent was representing the purchaser and thus defeat the imputation of notice.

**Same:** ESTOPPEL. Where an insurance company with knowledge of the fact that a policy has been forfeited, thereafter consents to an assignment and accepts premium notes from a purchaser of the property, retains the amount paid thereon and at no time offers to return the same, it is estopped to thereafter deny the validity of the policy.

*Appeal from Tama District Court.*—HON. C. B. BRADSHAW, Judge.

Wednesday, January 13, 1909.

Rehearing Denied Saturday, April 10, 1909.

Action upon a policy of fire insurance issued originally to J. W. Nash and by him assigned with the knowledge and consent of the defendant company to plaintiff. The loss is admitted, but defendant relies upon a breach of the conditions of the policy with reference to incumbrances on the property insured. Plaintiff claims that this was waived, and on this issue the case was tried to the court, a jury being waived, resulting in a judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Read & Read,* for appellant.

*Struble & Stiger* and *F. Dolezal,* for appellee.

Deemer, J.—Being a law case, and having been tried as such to the court without the intervention of a jury, the judgment, like the verdict of a jury, is to be sustained if there is any substantial evidence in its support. In stating the case, that aspect most favorable to plaintiff must, for the reason above stated, be adopted as a basis for the legal propositions involved. The original policy which was issued to Nash was for the sum of $1,500, and covered a two-story frame shingle and metal roof building and additions thereto, occupied by assured as a hotel, and located in the town of Chelsea. Loss, if any, was made payable to mortgagee as his interest might appear at the time of loss. The policy, among other things, provided that it should be void in the event there be any contract of sale or to sell the subject of insurance or any part thereof, or if the subject of insurance or any part thereof be or become incumbered by mortgage or other lien or be or become liable in any way to any lienholder, or if any

change or diminution take place in the interest, title or possession of the subject of insurance, or if any person other than the insured now have or shall hereafter acquire any interest in or lien on the property insured or any part thereof, or if the policy be assigned before a loss.   It also contained the following provision:

> This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company, except the president or secretary in Des Moines, Iowa, shall have power to waive, change or modify any provision or condition of this policy, except such as by the terms of the policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative, except the president or secretary in Des Moines, Iowa, shall have such power, or be deemed or held to have waived, changed or modified such provisions or conditions, and such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.

In his application for insurance Nash stated that the property was incumbered by mortgage in the sum of $1,400, the indebtedness maturing in the year 1909, and that there was $1,500 of insurance on the property. · The policy was issued on this application July 26, 1905, and the loss occurred September 4, 1906.   On January 18, 1906, Nash sold and· conveyed the insured property to plaintiff, Padrnos, and he (Padrnos) on the same day executed a mortgage upon the property. to secure $345 of the purchase price.   During the negotiations which resulted in the sale of the property, one Sell, who was considering the advisability of buying the mortgage, was desirous, in the event he purchased the same, to have the insurance renewed in favor of plaintiff, and he went to one Stoddard,

who was defendant's agent, and it was agreed between them that the policy might be renewed; Stoddard stating that he could arrange the insurance so that Sell might have the benefit thereof in the event he took the mortgage.   Pursuant to this arrangement, Stoddard sent the Nash policy to the defendant company, and on January 23, 1906, it consented to the assignment of the policy to plaintiff, and on the same day plaintiff executed his premium note to the defendant in lieu of the original one given by Nash, and Nash made a formal assignment of the policy to plaintiff.   Plaintiff's premium note called for payments of $23.75 each on July 26th of each of the succeeding five years including the year 1907.   On July 31, 1906, plaintiff paid the premium maturing on July 26, 1906, and this has not been returned to him by the defendant.   Upon the back of the policy are the following among other indorsements:

Century Fire Insurance Co., Des Moines, Iowa:   This entry and indorsement is made and shall be held to be subject to the condition that this policy is now in full force, and that there has been and is now no violation on the part of the assured of any condition or stipulation in said policy, except as fully expressed hereon.   Policy No. 20142.   Date of Policy July 26, 1905.   Location of risk, lots 2 and 3, block 1, Hunter's Add'n to Chelsea, Iowa.   Entry made and agreed to on the 23d day of January, 1906.   Name J. W. Nash.   This policy is assigned to Jos. L. Padrnos, purchaser.   Geo. J. Delmege, Pres.

A copy of plaintiff's note was also attached to the policy.   It reads as follows:

For value received in policy No. 20142, dated on 20th day of January, 1906, issued by the Century Fire Insurance Company, promise to pay to said company at its office in Des Moines, Iowa, the following sums on the dates specified, viz.: $23.75 on the 26th day of July, 1906; $23.75 on the 26th day of July, 1907; $23.75 on the 26th

day of July, 1908; $23.75 on the 26th day of July, 1909; $23.75 on the 26th day of July, 1910—without interest if paid when due. If not paid when due then this note is to bear interest at the rate of six percent per annum from its date, and it is hereby agreed that in the event of loss under this policy this note shall become due and payable and shall be deducted from amount of loss, and, further, if the amounts of this note are not paid at maturity, then this policy shall be suspended, and the company shall not be liable for any loss or damage that may occur to the property insured while this note shall be overdue and unpaid, and that the whole amount of premiums shall be considered earned and payable.    Jos. C. Padrnos.

It appears that one Prill held the original mortgage, and that Sell purchased the mortgage made by plaintiff to Nash relying upon the statements made by the agent Stoddard as to the insurance.

There can be no doubt that the policy issued to Nash was forfeited not only by reason of his sale of the property, but by reason of the execution of the second mortgage thereon which was afterward acquired by Sell. Of this defendant's soliciting agent, Stoddard, had full knowledge. This agent also knew that both plaintiff and Sell wanted insurance upon the property for their protection, and he undertook to procure it for them through the form of an assignment of the old policy to plaintiff. Defendant's general officers knew of the transfer and sale of the property to plaintiff and consented thereto, and Stoddard, the agent, knew of the second mortgage executed by plaintiff to Nash and by him sold to Sell when he sent the old policy to the defendant company to be so arranged as to afford insurance which would protect Sell, who down to that time had had no connection with the property. His knowledge, even though he were nothing more than a soliciting agent, was the knowledge of the company, and, in assenting to the assignment and accepting plaintiff's notes for the premium,

1. INSURANCE: forfeiture: waiver: notice.

it waived the breach of the conditions of the policy hitherto mentioned, unless it be found, as argued by defendant, that there was nothing more than an assignment of the policy without knowledge on the part of the company of any breach of conditions. These breaches of condition occurred before any assignment of the policy by Nash, and nothing was done by either plaintiff or Sell after the defendant consented to the assignment and accepted plaintiff's note which would avoid the policy. All breaches occurred before that time, and while Nash was the insured under the policy. If avoided at any time, it was before any attempt was made to make it payable to plaintiff, and of this defendant must be held to have had knowledge through its soliciting agent, Stoddard. Moreover, there was something more than an assignment of the policy to plaintiff. There was an attempt to make it cover the property in such a way as that it should benefit the second mortgagee, and plaintiff, instead of assuming Nash's obligations on his premium note, made a new note of his own which differed in some respects from that given by Nash. Under the authorities, notice to Stoddard of the second mortgage was notice to the defendant company, and by accepting plaintiff's note for the premium and consenting to the assignment it waived the forfeitures and estopped itself from relying thereon. *McKibban v. Insurance Co.,* 114 Iowa, 41; *Hagan v. Insurance Co.,* 81 Iowa, 321; *Key v. Insurance Co.,* 77 Iowa, 174; *Jordan v. Insurance Co.,* 64 Iowa, 216; *Bennett v. Insurance Co.,* 70 Iowa, 600; *Erb v. Insurance Co.,* 99 Iowa, 727.

Appellant's only response to this is that Stoddard was plaintiff's agent in obtaining consent to the assignment of the policy, and that in no event should Stoddard's knowledge of the additional incumbrance be attributed to it. Stoddard was not, as we think, plaintiff's agent. Nor was he the agent of any one save the defendant. The effect of the transaction was the issuance of a new policy to the

plaintiff, and Stoddard's knowledge of the conditions was binding upon defendant. Even were it an assignment, it was an assignment of a lapsed or forfeited policy, and when defendant accepted plaintiff's premium note and consented to the assignment of the policy to plaintiff, knowing that he believed it to be a valid contract, and as he did nothing thereafter to forfeit the policy, we think defendant is estopped from relying upon the breach of conditions occurring prior to the assignment and execution of the premium note. This is, in effect, the holding in *Medearis v. Anchor Ins. Co.*, 104 Iowa, 88; *Ellis v. Insurance Co.*, 68 Iowa, 578, s. c. 64 Iowa, 507; *City Ins. Co. v. Mark,* 45 Ill. 482; *Ellis v. Insurance Co.* (C. C.) 32 Fed. 646; *Furbush v. Consolidated Ins. Co.*, 140 Iowa, 240. See, also, Cooley on Ins., vol. 2, 1531, and cases cited. We believe the forfeiture was waived, and that plaintiff is estopped from relying thereon. Had there been no substitution of parties upon a new and adequate consideration, a different question might arise; but, in accepting plaintiff's notes and reviving the lapsed policy, a new consideration was created, and all previous forfeitures or grounds for forfeiture of which defendant had knowledge were waived.

II. Moreover, after defendant had knowledge both through its soliciting agent and adjuster of facts which avoided the policy at the time of the assignment making it absolutely void and of no effect in plaintiff's hands from the very beginning, it accepted and retained both the premium note and the cash installment, and has at no time offered to return the same. As the policy was utterly void in plaintiff's hands from the beginning, if defendant's contention be correct, we think it estopped itself from relying upon the invalidity of the policy by retaining the cash paid and the premium note. See, as supporting this view, *Hollis v. Insurance Co.*, 65 Iowa, 454; *Mershon v. Insurance Co.*,

2. SAME: estoppel.

34 Iowa, 87; *Keenan v. Insurance Co.,* 12 Iowa, 126. The facts distinguish this case from many of those relied upon by appellant, in this, that here there never was any valid policy in plaintiff's hands, if defendant's contention be correct, while in the cases relied upon by appellant there was a valid contract under which the insurance company was entitled to its premiums; the assured being at fault or guilty of some breach of the conditions of the policy rendering it void, not from the inception, but from the time the breach occurred.

The trial court was right in holding the defendant liable, and its judgment must be, and it is, *affirmed.*