WILLIAM T. WILSON v. ANCHOR FIRE INSURANCE COMPANY, Defendant and Appellant.

STATE INSURANCE COMPANY, Defendant and Appellee.
AMELIA M. SPIES, Intervener and Appellee.

(And one other case.)

**Insurance:** REFORMATION OF POLICY: MUTUAL MISTAKE. Plaintiff in
1 this action made application to defendant for a policy of insurance believing at the time that a prior policy issued by another company covering part of the property had expired. Before acceptance of the application and issuance of the policy by defendant, and while the application was still in the possession of defendant's agent, plaintiff discovered that the other policy was still in force and so informed the agent; but he retained the application, forwarded it to the company and the policy in suit was issued. *Held*, that the company was not entitled to reformation of the policy on the ground of mutual mistake, by striking therefrom the property covered by the prior insurance.

**Same:** KNOWLEDGE OF AGENT. An insurance company is chargeable
2 with knowledge of information conveyed to its soliciting agent by an application for insurance, as that the property was covered by a prior policy.

**Insurance:** WAIVER OF CONDITIONS AVOIDING POLICY. Under a provision

3   in a policy of insurance, that in case additional insurance is obtained without the written consent of the company indorsed on the policy, the procuring of additional insurance without a waiver of such provision will avoid the policy. Evidence held sufficient to show waiver.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

FRIDAY, JULY 2, 1909.

THIS is an action on a policy of insurance. There was a decree for the plaintiff, as policy holder, and for the intervener, Amelia M. Spies, as mortgagee. The defendant Anchor Fire Insurance Company has appealed.— *Affirmed.*

*Edward H. McVey* and *W. S. Baird,* for appellant.

*J. J. Stewart,* for appellees, Wilson and Spies.

*Sullivan & Sullivan,* for appellee State Insurance Company.

EVANS, C. J.—On October 24, 1905, the Anchor Fire Insurance Company issued a policy of insurance to the plaintiff upon his dwelling house, in the sum of $1,000, and upon the furniture therein in the sum of $400. In September, 1906, the dwelling house was totally destroyed by fire, including furniture to the value of $152.75. The plaintiff brought his action against the defendant company for the sum of $1,152.75. No controversy is made as to the extent of his loss. It appears from the record that plaintiff's application for insurance, in pursuance of which the policy in question was issued, was taken on October 19, 1905, by one Sells, who was a soliciting agent for the defendant company. It appears, also, that prior to such date,

and in the year 1902, the State Insurance Company had issued to the plaintiff its policy for $1,000 on the same dwelling house. This policy was made payable to the intervener mortgagee, and was in her possession, and was in full force and effect, on October 19, 1905. On this latter date Sells and another called upon the plaintiff to solicit insurance. The plaintiff himself was in ill health, and the business in his behalf was transacted by his wife. In her conversation with Sells she told him of the previous insurance, and stated her belief that it had expired. No question is made of her good faith in this statement. Thereupon an application for insurance was signed by, or on behalf of, the husband, plaintiff herein. On the next day, Mrs. Wilson called at the office of one Tipton, who had been instrumental in procuring the first policy in 1902, and ascertained from him that such policy was still in force. She immediately sought out Sells and informed him of that fact. At the time Sells received such information, he had not yet sent plaintiff's application to the defendant company, but had the same then in his pocket, and so stated to Mrs. Wilson. Notwithstanding such information, he retained the application from her, and sent it in to the company, and the company accepted the same, and issued its policy thereon on October 24th, and later collected its premium thereon. To this extent the facts are practically undisputed. Upon this state of facts the defendant has based its defense. In its pleadings it has presented a threefold defense: First, that the existence of the previous insurance rendered the policy issued by the defendant void, according to its express terms; second, that the policy was drawn to cover plaintiff's dwelling house through mutual mistake, and in the mistaken belief of both parties that the previous insurance had expired, and that the defendant is therefore entitled to a reformation of the policy striking out such part thereof, and such reformation was prayed; third, that if reformation be refused, and defendant's poli-

cy be held valid, then under the express provisions of the policy it is liable only for its *pro rata* share of such loss, regardless of whether the previous policy was valid or void.

The first defense is not seriously pressed in argument. The real questions presented for our consideration, are: First, is the appellant entitled to a reformation of the policy on the ground of a mutual mistake? Second, if not, is it entitled to have its liability reduced to a prorating basis, by reason of the existence of the previous policy? The plaintiff on his part does not claim to have intended to maintain double insurance. His position is that the appellant is liable for the full amount. If, however, it should be found that the appellant is entitled to a reformation of the policy, then the plaintiff claims that he is entitled to recover from the State Insurance Company on the former policy. If it should be held that appellant is liable only for a *pro rata* share of the loss, then the plaintiff claims likewise that the State Insurance Company is liable for the balance. To preserve his rights in this respect the plaintiff brought an action against the State Insurance Company. In the court below the appellant asked that the State Insurance Company and the mortgagee, Amelia Spies, be made parties defendant to this suit, and that the cause be heard in equity, and it was so ordered. Later the action brought by plaintiff against the State Insurance Company was consolidated with this case, and both were tried together. The lower court adjudged the appellant to be liable for the full amount of the insurance on the dwelling house, and dismissed plaintiff's case against the State Insurance Company. From that judgment the defendant has appealed. In order to preserve his ultimate rights the plaintiff has appealed also. He does not, however, ask a consideration of his appeal, unless relief be awarded to the Anchor Fire Insurance Company.

I. Is appellant entitled to a reformation of the policy because of mutual mistake? That the parties acted on

October 19, 1905, under a mistaken belief as to the facts
is undisputed. The contract sued on, how-
ever, was not consummated on that date.
The plaintiff signed an application. It still
rested with the company to accept or reject
the application. Before such application was accepted by
the company, and while the application was still in the
hands of its soliciting agent, the mistake was discovered by
the plaintiff, and such discovery was promptly communi-
cated to the soliciting agent. The plaintiff doubtless had
a right at that point to recall his application and terminate
negotiations. Surely the appellant had a right to reject
the application. It did not do so. With knowledge of the
material fact it chose to issue its policy in pursuance of
the application, and to collect its premium therefor. In
the issuance of such policy it was not acting under any mis-
taken belief. This ground of reformation, therefore, falls
away.

*1. INSURANCE: reformation of policy: mutual mistake.*

It is argued, however, that Sells did not communicate
to the home office the information which he had obtained
from Mrs. Wilson, and that the company proper had no
knowledge of such information, and that it
relied solely upon the statements in the ap-
plication. If this be so, then Sells perpe-
trated a fraud upon his principal. He was the soliciting
agent of this company. It is the settled rule in this state
that the defendant company was chargeable with this
knowledge on the part of its soliciting agent. It was a
present condition, made known to the agent while the ap-
plication was in his hands, and before the company had
bound itself to its acceptance. *Johnson v. Ins. Co.,* 126
Iowa, 565; *Miller v. Ins. Co.,* 31 Iowa, 216; *Hagan v.
Ins. Co.,* 81 Iowa, 325; *Independent School District v.
Ins. Co.,* 113 Iowa, 65; *Padrnos v. Century Ins. Co.,* 142
Iowa, 199; *Key v. National Life Ins. Co.,* 107 Iowa, 446;
Section 1750, Code 1897. See, also, *Continental Ins. Co.*

*2. SAME: knowl- edge of agent.*

*v. Chamberlain,* 132. U. S. 304 (10 Sup. Ct. 87, 33 L. Ed. 341). Under these holdings, it is clear that appellant can not escape liability as for an existing breach of the conditions of the policy, and equally clear that it has no grounds for reformation thereof.

II.   The next question is whether the appellant is liable for the full amount of the loss, or for a *pro rata* share thereof only.   This question necessarily depends upon the further question whether the issuance of the Anchor policy invalidated the previous policy issued by the State Insurance Company.   The earlier policy contained an express provision that it should become invalid if additional insurance was obtained upon the property without the written consent of the company indorsed upon such policy.   The argument of appellant at this point is that the fact of additional insurance was made known to one Tipton, an alleged agent of the State Insurance Company, and that he made no objection thereto, and that this was in effect a waiver of such provision of the policy.   Passing over the question of the authority of Tipton (who was not a recording agent) to bind the State Insurance Company by any knowledge or act of waiver on his part at such time, it is sufficient to say that the evidence does not afford sufficient basis for this argument.   The most that can be claimed under the evidence is that Mrs. Wilson ascertained from Tipton that the State Insurance Company policy had not expired, and that she informed him that she had made an application for other insurance in the belief that the first policy had expired, and that she later informed him that she had notified the other parties of the mistake.   On the issue of fact here involved the finding of the lower court was against the appellant, and we agree with such finding.   In the absence of consent or waiver on the part of the State Insurance Company its policy became invalid when the Anchor policy became effective: *Independent School Dis-*

3. INSURANCE: waiver of conditions avoiding policy.

*trict v. Fidelity Ins. Co.,* 113 Iowa, 65 ; *Zimmerman v. Insurance Co.,* 77 Iowa, 685.   The conclusion of the trial court was that the appellant was liable for the full amount of the loss, and that the State Insurance Company was not liable.   We think there is no escape from that conclusion.

The rights of the mortgagee are involved in the case. In view of the conclusions reached as to the liability of appellant for the full amount, we have no occasion to discuss them.

The judgment below is in all respects *affirmed.*