ORA SCRIVNER, Appellant, v. ANCHOR FIRE INSURANCE COMPANY.

**Insurance:** BREACH OF CONDITION: AGENCY: ESTOPPEL.  Where the agent of an insurance company, with mere authority to solicit, attempted to secure additional insurance for the insured and advised him that he would procure the same through another source, and the insured requested the agent to forward the existing policy to the company for an indorsement more fully covering the goods insured, exercising however no other authority, the company was not charged with notice of the insured's intention to take out additional insurance; the provisions of Code, section 1750, relating to agency having no application; and the company was not estopped from setting up a breach of the condition in its policy against the taking of additional insurance in another company.

*Appeal from Taylor District Court.*—HON. H. K. EVANS, Judge.

WEDNESDAY, OCTOBER 27, 1909.

ACTION to recover for a loss under a fire insurance policy held by plaintiff in defendant company. The defense was that plaintiff had violated the condition of his policy against other insurance. There was a trial to the court without a jury, and on the evidence offered the court made its findings of fact, resulting in a judgment for defendant. Plaintiff appeals.—*Affirmed.*

*William M. Jackson,* for appellant.

*Sullivan & Sullivan,* for appellee.

McCLAIN, J.—Plaintiff's policy in the sum of $3,000 was issued in May, 1907, covering a stock of merchandise consisting of shelf and heavy hardware, farm implements, and such other goods as are usually kept for sale in similar stores, and described as contained in a frame building in the town of Buchanan. On the the 2d of September following, before noon, plaintiff had some conversation with one Blagrave, the soliciting agent for the defendant company, through whom the policy had been procured, with reference to additional insurance on the stock to the amount of $2,500 or $3,000, but later in the day plaintiff advised Blagrave that he thought he would take his additional insurance in another company. The plaintiff delivered his policy in the defendant company to Blagrave to have the policy changed so as to more completely cover his stock, and later the policy was returned by the defendant company to plaintiff, showing an indorsement, dated September 4th, reforming the written portion so that insurance should be on plaintiff's stock of merchandise of a more general character. After plaintiff's conversation with Blagrave on September 2d, he made application to an agent of the State Insurance Company for additional insurance in the sum of $3,000 on his stock, which application was accepted, and a policy issued by the latter company dated as of that date.

There is some conflict in the evidence as to whether plaintiff, before or at the time he directed Blagrave to forward the policy to defendant company for the correction as to description of stock, notified him that he intended to take other insurance, or whether he simply spoke first of taking other insurance in the defendant company, and afterward advised Blagrave that he did not intend to do so. The fact seems to be that neither plaintiff nor Blagrave contemplated the necessity of procuring defendant's consent to additional insurance, if taken in another company, and the trial court found as a matter of fact that the negotiation between plaintiff and Blagrave for additional insurance in the defendant company was abandoned, and Blagrave was requested only to forward defendant's policy to it for the purpose of procuring an indorsement more fully covering plaintiff's stock. The court also finds, and this fact is conceded, that Blagrave had no authority to act for defendant save as a soliciting agent, and that he attempted to exercise no other authority in returning the policy to defendant for reformation.

Under these circumstances we think that the provisions of Code, section 1750, that the term "agent" shall include any person who shall in any manner, directly or indirectly, transact the insurance business for an insurance company, and that any agent representing such company, who may solicit insurance, procure applications, or transact the business generally of such company, shall be held to be the agent of such insurance company, with authority to transact all business within the scope of his employment, anything in the policy or contract to the contrary notwithstanding, has no bearing in determining whether the knowledge of Blagrave that plaintiff contemplated additional insurance should be imputed to defendant company when it reformed plaintiff's policy so as to cover more fully his stock of goods. It does not appear that at the time Blagrave returned plaintiff's policy to defendant company plaintiff had in fact made ap-

plication for additional insurance on the stock, nor that Bla-
gravè was advised definitely as to the amount of additional
insurance which plaintiff intended to procure.   The scope of
Blagrave's employment was as soliciting agent to return
defendant's policy to it for correction, and he was not
charged by plaintiff with any other duty or responsibility
in the matter.   He was not directed to procure permission
for additional insurance, and did not attempt to do so.
Under these circumstances we think it is plain that defend-
ant was not charged with any notice as to plaintiff's specific
intentions with regard to additional insurance, nor as to
plaintiff's actual application to the State Insurance Com-
pany for additional insurance, although such application
was made as a matter of fact before defendant's policy
with the indorsement of the corrected description of the
stock was returned to plaintiff.   These facts distinguish
this case clearly from the cases on which counsel for plain-
tiff relies.   See particularly *Wensel v. Property Mut. Ins.
Ass'n,* 129 Iowa, 295; *Liquid Carbonic Acid Mfg. Co. v.
Phoenix Ins. Co.,* 126 Iowa, 225; *Independent Sch. Dist.
v. Fidelity Ins. Co.,* 113 Iowa, 65; *Lutz v. Anchor Fire
Ins. Co.,* 120 Iowa, 136; *Glasscock v. Des Moines Ins.
Co.,* 125 Iowa, 170.   Under the finding of facts made
by the trial court, which, as it is supported in the evidence,
is conclusive upon us, defendant company, when it in-
dorsed a modification on its policy, was not chargeable with
notice of additional insurance applied for in another com-
pany, and is not estopped from setting up as a defense the
breach of condition in its policy against the taking of
additional insurance in another company.

The judgment of the trial court is thereby *affirmed.*