J. B. DeBolt, Appellee, v. German American Insurance Company, Appellant.

INSURANCE:   Avoidance of Policy—Additional Insurance—Knowl-
1  edge of Agent.  A policy may not be avoided on the ground that the insured took out additional and concurrent insurance in violation of the policy, when, at the time the policy was issued, it was distinctly agreed between the soliciting agent and the insured that the insured might *immediately* secure additional insurance, and might increase such additional insurance *as the stock increased in value.*

INSURANCE:   Avoidance of Policy—Prohibited Additional Insur-
2  ance—Knowledge—Acceptance of Premiums:  A clause avoiding a policy in case the insured procures additional and concurrent insurance is waived by accepting subsequently maturing premiums, with knowledge on the part of the insurer that its soliciting agent had, when the policy was issued, agreed that the insured might *immediately* procure such additional insurance.

EVIDENCE:   Presumption—Mailing Letters. The mailing of letters,
3  properly inclosed, stamped and addressed, furnishes substantive, but rebuttable, evidence that they were duly received.

*Appeal from Decatur District Court.*—Thos. L. Maxwell, Judge.

November 17, 1917.

Action at law to recover on a fire insurance policy. Trial to a jury, and verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Baker & Parrish* and *Barnes, Chamberlain & Hanzlik,* for appellant.

*McGinnis & Spence,* for appellee.

Preston, J.—The policy in suit was is-

1. Insurance: avoidance of policy: additional insurance: knowledge of agent.

sued by the Merchants & Bankers Fire Insurance Company, April 22, 1909, to run until April 22, 1915, and was afterwards assumed by the defendant. The policy was for $2,000. The fire occurred August 2, 1914. The policy contained a provision that, unless otherwise provided by agreement of this company, the policy should be void if additional insurance was taken out by the insured on the same property, but provided that the insured might obtain $500 additional insurance on the stock. The application provided that the company should not be bound by any verbal agreement with the agent.

It is claimed by plaintiff that a part of the contract between plaintiff and the company was that it was agreed between plaintiff and defendant's soliciting agent, at the time of the signing of the application, that plaintiff was to have the right and privilege of taking other concurrent additional insurance for the amount of three fourths of the value of his stock, and that the company and its agent failed and neglected to place the same in the application and the policy; that plaintiff contemplated increasing his stock of goods and did so, until, as he claims, it amounted to about $7,000. Subsequently, plaintiff did take out two additional policies, one for $2,000 and the other for $1,000. Defendant's contention is that the policy in suit is void because of such additional or concurrent insurance. It is alleged that the defendant company knew of the taking of other insurance, both by granting insurance itself on the same property, and by being notified of other insurance at the time the same was taken, and accepted premiums on the policy in suit thereafter; and that defendant is estopped from claiming that the policy is void by reason of the provision in the policy as to the taking of other insurance. The

subsequent $2,000 and $1,000 policies have been paid by the other companies.

The parol agreement alleged by plaintiff was testified to by plaintiff and his wife, and not denied by the agent, who was present in court. Plaintiff and his wife further say that they told the agent, when he was soliciting the insurance, that it would be necessary to take other concurrent additional insurance, for the reason that the stock of merchandise of $4,000 then on hand and the stock purchased would necessitate the immediate taking of other insurance for protection, and that, as the stock was increased, it would be necessary to have other insurance. It appears that, after the policy in suit was issued, and in 1910, plaintiff was acting as agent for the defendant, German American Insurance Company, and in that year as such agent took out for himself additional insurance of $2,000 on this same stock for a period of two years, continuing to 1912. It is claimed by the plaintiff, and there is evidence to that effect, that the agent who wrote the subsequent $2,000 and $1,000 policies notified defendant by letter of the taking out of the subsequent $2,000 policy, and that there would be another $1,000 policy. There is a dispute as to whether defendant received this letter. Thereafter, plaintiff paid defendant company the annual premium on the policy in suit in April, 1914, about a month after he had taken out the additional $2,000 policy.

The principal contention of defendant is that a soliciting agent has no authority to bind the company by contract of insurance, and that knowledge of a soliciting agent of the future intention of the insured as to violating some of the conditions of a policy as written is not binding upon the company. On the first proposition, they cite *Armstrong v. State Ins. Co.*, 61 Iowa 212, 215; *Dryer v. Security Fire Ins. Co.*, 94 Iowa 471, 477; *Dickinson County v. Miss. Valley Ins. Co.*, 41 Iowa 286; *Critchett v. American Ins. Co.*, 53

Iowa 404; *Ayres v. Home Ins. Co.*, 21 Iowa 185; and on the last proposition they cite *House v. Security Fire Ins. Co.*, 145 Iowa 462, 470.

It is also contended by defendant that a soliciting agent does not have authority to waive any conditions of the policy, citing *Elliott v. Farmers Ins. Co.*, 114 Iowa 153, 156; *Strickland v. Council Bluffs Ins. Co.*, 66 Iowa 466, 468; *Garretson v. Merchants & Bankers' Ins. Co.*, 81 Iowa 727, 729; *Russell v. Cedar Rapids Ins. Co.*, 78 Iowa 216, 219; and *House v. Security Fire Ins. Co.*, supra.

On the other hand, it is contended by appellee that, under Section 1750, Code, 1897, and the decisions of this court thereunder, the soliciting agent had a right to agree that any conditions of the proposed policy might be waived, or other conditions inserted as a part of the contract; that, so far as this contract is concerned, the soliciting agent was representing the company, and that on his agreement with the insured the contract of insurance is based and issued. They cite *Liquid Carbonic Acid Mfg. Co. v. Phoenix Ins. Co.*, 126 Iowa 225, *Frane v. Burlington Ins. Co.*, 87 Iowa 288, May on Insurance (4th Ed.) Secs. 132, 133-A, and Secs. 368 to 372-B, *Hagan v. Merchants & Bankers' Ins. Co.*, 81 Iowa 321, *Erb v. Fidelity Ins. Co.*, 99 Iowa 727, *Funk v. Anchor Fire Ins. Co.*, 171 Iowa 331; and they cite *Fitchner v. Fidelity Mut. Fire Assn.*, 103 Iowa 276, to the point that the company is charged with the knowledge of its soliciting agent that the insured desired and was to obtain additional insurance, and cite, further, *Independent School Dist. v. Fidelity Ins. Co.*, 113 Iowa 65, *Rake & Son v. Century Fire Ins. Co.*, 148 Iowa 170, *Summers v. Alexander*, (Okla.) 38 L. R. A. (N. S.) 787, 790.

Appellant relies more particularly, we take it, upon the *House* case, which cites and quotes from *Wensel v. Ins. Co.*, 129 Iowa 295, as follows:

"After much controversy and doubt regarding the rule for such cases, we have settled these two propositions in some of our recent opinions: The first is that, if an agent of an insurance company has knowledge of past conditions or existing facts avoiding a policy which is secured by him, by reason of such facts' being within certain prohibitions which presently avoid the policy, the company issuing the policy with this knowledge on the part of its agent, cannot insist upon these facts for the purpose of avoiding liability. Second, knowledge of a soliciting agent of the future intentions of the insured as to violating some of the conditions of a policy as written is not binding upon the insured and cannot be relied upon for the purpose of avoiding the terms and conditions of the policy as issued."

But the *House* case was an action in equity to reform the policy and to recover the amount thereof. It was brought on two theories: First, that a policy was issued to plaintiff which would entitle him to recover; and, second, that no policy was issued, and plaintiff was entitled to recover under an oral contract of insurance. It was said that, under the record in that case, it was not very material whether a policy was or was not issued. But it was held that a policy did issue upon the application, and that it contained a condition that the policy became void because of the execution of a mortgage, unless plaintiff had shown a waiver by the company or an estoppel from setting up the breach. In that case, it was not pleaded that the agent knew when he took the application that it was contemplated by the plaintiff that he would presently make an additional loan upon his property. It was held that, under the evidence in that case, there was nothing to indicate that an additional loan was to be presently secured. The opinion in that case distinguishes the *Independent School District, Erb,* and *Fitchner* cases, supra, and states that, in each case, the assured was to presently take out additional and concurrent

insurance, to the knowledge of the agent. That is plaintiff's contention in the instant case.

It is contended by appellee that the cases cited by appellant in regard to the knowledge of the soliciting agent of the future intentions of the assured, and that he has no authority to bind the company by contract of insurance, are not in point in this case. He says that he is making no such claim, but that the taking of the additional concurrent insurance was then a present existing fact, and not a future intention; that it is a case where the agent was representing the company in the making of the contract, from which defendant received the benefits; that the company is charged with the knowledge of its soliciting agent that plaintiff desired additional insurance, and that plaintiff had a right to rely upon the statements and promises of the soliciting agent that he would properly set out the facts in the application; that his failure to do so is the fault of the defendant company. It is shown that plaintiff did not read the application, and put away his policy without reading it, and relied on the assurance that the real contract was expressed therein. As stated, there was evidence that defendant was notified of the taking out of the concurrent insurance. There is a conflict in the evidence as to this, which was for the determination of the jury. The record shows that the additional insurance was to be taken out as plaintiff's stock of goods increased. As to the two policies of additional insurance, the court instructed as follows:

2. Insurance: avoidance of policy: prohibited additional insurance: knowledge: acceptance of premiums.

3. Evidence: presumption: mailing letters.

"It is further claimed by the defendant that, in violation of said clause, that the plaintiff, without the consent or agreement of the defendant or the Merchants & Bankers Fire Insurance Company, and without their knowledge, sub-

sequently obtained other policies of insurance on said property, and, by reason thereof, the policy sued on is void. As to this further defense, you are instructed: That, if the plaintiff obtained the additional insurance on said property without the agreement, knowledge, or consent, of the defendant, or the Merchants & Bankers Fire Insurance Company, this act would render the policy sued on void, and the plaintiff cannot recover in this action. But it is claimed by the plaintiff, with reference to said defense, that, at the time the application for the policy sued on was taken by the agent of the insurance company, one George H. Findlay, that said Findlay was then and there fully advised and understood that the plaintiff reserved the right to take additional insurance upon said property from time to time as his said stock increased in value, in proportion to such increase, and that the company issuing said policy and the defendant herein was charged with all of the knowledge that the said Findlay had with reference thereto, and that, notwithstanding such knowledge, the said insurance company continued to receive from plaintiff from year to year the annual premiums agreed upon in said application, and that the defendant is now estopped from pleading that said policy is void by reason of such additional insurance.

"As to this contention you are instructed: That, if you find from the evidence that it was agreed and understood by and between the plaintiff and Findlay, at the time said application was taken for said insurance, that the plaintiff was to have the right and privilege to take additional concurrent insurance on said stock of goods, in proportion to its increase in value, the defendant insurance company and its predecessor would be, as a matter of law, charged with all of the knowledge possessed by such agent, and if, having this knowledge, said companies thereafter received the annual payment on said policy, without making any objection in regard to additional insurance, it is now estopped

from claiming that the policy sued on is void on account of said additional insurance, and you should find for the plaintiff as to this issue. But if you fail to so find as to this issue, the plaintiff cannot recover. It was also claimed by the plaintiff that the defendant company was specifically notified by one Lilly that the additional insurance complained of by the defendant was placed upon said property on or about March, 1914, or would be placed thereon presently, and that, notwithstanding such express notice so given to the defendant company, the defendant thereafter, without objection on its part, received from the plaintiff one payment of premium on the said policy, and that by reason thereof the defendant is estopped from now claiming that said policy is void by reason of said additional insurance. Upon this issue you are instructed: That, if the defendant company was expressly notified or informed by Lilly that he had written $2,000 additional insurance on said goods, and would presently place an additional thousand thereon, and that, after receiving such notice and knowledge of said additional insurance, the defendant without objection received from the plaintiff the last payment of premium on said policy, the defendant would be thereby estopped from now claiming that said policy became void by reason of said additional insurance. You are further instructed that, if Lilly wrote a letter to the defendant, in which he expressly notified the defendant that he had written $2,000 additional insurance on said stock, and would presently write an additional $1,000 thereon, and that said letter was enclosed in an envelope, which was properly addressed and stamped, to the Merchants & Bankers Insurance Company, at Des Moines, Iowa, to its post-office address, and deposited in the post office at Kellerton, Iowa, that the presumption would be that such notice, so mailed, was received by the Merchants & Bankers Insurance Company. But such presumption is not conclusive, and the same may be overcome by evidence

that the same was not received by said company."

Without entering into an extended discussion of the cases cited, it is our conclusion that the instructions are in accord with our holdings.   It is not a question of the soliciting agent's changing the policy.   If he had put the agreement, as made, in the application, and it had appeared in the policy as agreed, no question could be made.   This, the agent failed to do.   No complaint is made as to the form of the instructions.   The questions discussed are controlling, and decisive of the case.   The judgment is—*Affirmed.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.